NEW-YORK,
May, 1808.

Fink
v.
Bryden.

*Thursday,
May 5th.*
Where a motion is made to set aside an inquest taken by default, the affidavit must state, that an inquest was taken by default in the cause. Where an attorney misapprehends the rule of practice, the court will permit him to give new notice of a motion for a subsequent day in term, on new affidavits.

## Fink *against* Bryden.

JOHNSON, for the defendant moved to set aside the inquest taken by default in this cause, on the usual affidavit of merits. He produced a certificate of the clerk of the sittings, that the inquest had been taken by default, out of its order on the calendar of causes.

*Slosson,* contra, objected, that no copy of the certificate of the clerk had been served on the plaintiff, and that the affidavit did not state that an inquest had been taken by default, nor that it was taken out of its order on the calendar.

*Johnson,* in reply observed, that the *notice* of the motion, to the plaintiff's attorney was to set aside the inquest taken by default in the cause; that the plaintiff's attorney must know that it was taken out of its order, and that the certificate was merely to satisfy the court as to that fact.

*Per Curiam.* The affidavit of the defendant ought to state, that an inquest was taken by default in the cause. The certificate of the clerk cannot be received unless a copy of it has been served on the opposite attorney. But as there appears to have been some misapprehension by the attorney for the defendant, as to the practice, he may give new notice, and make his application again at the last non-enumerated day in this term.

N. B. The application was renewed, on the last non-enumerated day, on a new affidavit, upon which the court granted the rule.

Rule granted.